# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KARL T. LIMPIN | CASE NO. 08cv1394 JM (RBB) |
|---|---|
| Plaintiff, | ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; REFERRING MATTER TO UNITED STATES MAGISTRATE JUDGE |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Karl T. Limpin brings this action on behalf of himself, and other similarly situated individuals, alleging that the Commissioner improperly calculates certain Supplemental Security Income and Title II disability insurance benefits. Plaintiff moves for leave to proceed in forma pauperis and for appointment of counsel.

**Motion for Leave to Proceed In Forma Pauperis**

Plaintiff moves for leave to prosecute this action without the prepayment of fees. Plaintiff declares that he is unemployed, possesses no significant asset, and receives limited disability income from the Social Security Administration. Consequently, the court grants Plaintiff's motion to proceed in forma pauperis.

**Motion for Appointment of Counsel**

Plaintiff requests the appointment of counsel to assist him in prosecuting this case. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dept. of Social Services, 452 U.S.

1  18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to
2  appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d
3  1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both
4  the 'likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims pro se
5  in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both
6  must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d
7  1328, 1331 (9th Cir. 1986)).
8  Here, it appears that plaintiff has a sufficient grasp of his case, the legal issues involved, and
9  is able to adequately articulate the basis of her complaint. Under these circumstances, the Court
10  denies plaintiff's request for appointment of counsel because it is not warranted by the interests of
11  justice. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

12  **Referral to Magistrate Judge**

13  All matters arising in this social security appeal are hereby referred to United States Magistrate
14  Judge Reuben Brooks for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B)
15  and Local Rule 72.1(c)(1)(c). When the parties seek to file a motion for summary judgment in this
16  case, the parties shall contact the chambers of Magistrate Judge Brooks to secure scheduling, filing
17  and/or hearing dates. Both parties are advised that all motions for summary judgment must be filed
18  and served no later than 90 days from the filing date of the answer. Failure to do so may result in
19  dismissal of this action or entry of default.
20  In sum, the court grants the motion to proceed in forma pauperis, denies the motion for
21  appointment of counsel, and refers this matter to Magistrate Judge Brooks. The Clerk of Court is
22  instructed to serve a copy of this order and Plaintiff's complaint on the United States Attorney or
23  authorized representative.

24  **IT IS SO ORDERED.**

25  DATED: August 5, 2008

26  _____
27  Hon. Jeffrey T. Miller
    United States District Judge

28  cc:        All parties