# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL LIMPIN,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 08cv1394 JM(RBB)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR CLASS CERTIFICATION |

Plaintiff Karl Limpin moves for class certification and Defendant Michael J. Astrue, Commission of Social Security Administration ("Commissioner"), moves to dismiss Plaintiff's complaint for failure to exhaust available administrative remedies. The Commissioner opposes Plaintiff's motion. Plaintiff did not file an opposition nor a statement of non-opposition to the Commissioner's motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court grants Commissioner's motion to dismiss for lack of subject matter jurisdiction and denies Plaintiff's motion for class certification as moot.

## BACKGROUND

On July 31, 2008 Plaintiff commenced this action alleging claims for (1) improper computation of benefits pursuant to Title XVI, §§1611(a)(1) and (b)(1) of the Social Security Act ("SSA"); and (2) a declaration that the amount of Title XVI benefits is $1,752 per month for individuals and $2,628 per

1 month for couples. (Compl. ¶¶21-25, 26-32). In broad brush, Plaintiff alleges that the Supplemental Security Income ("SSI") benefits, Title XVI of the SSA, 42 U.S.C. §§1382(b)(1) and (b)(2) is presently capped at $1,752 per month, but that he is only receiving $1,006 per month. (Compl. ¶22). However, because Plaintiff is receiving Title II benefits in the amount of $1,006, he is allegedly deprived of $746 per month ($1,752 less $1006) in SSI. (Compl. ¶30). For years 2004 through 2007, Plaintiff alleges that he is owed $78,876 by the Commissioner. (Compl. ¶30).

On April 10, 2006 an Administrative Law Judge awarded Plaintiff Title II disability benefits under the SSA and Title XVI benefits under SSI. (Compl. ¶1). Plaintiff alleges that he was informed by letter on August 5, 2006 that his 3 years and 4 months retroactive Title II benefits of $26,434 would be offset or reduced by the Title XVI benefits of $8,485. (Compl. ¶6).

In December 2007, an ALJ determined that Plaintiff should have a deemed application filing date of January 2004 for his SSI benefits and the ALJ remanded the issue of the SSI calculation to the San Diego Office to determine whether Plaintiff was eligible for any additional SSI benefits from January to December 2004. (Compl. ¶15; Bowen Decl. ¶11). The San Diego Office determined that it would not pay any additional SSI benefits for the period as Plaintiff had already been paid Title II disability benefits. (Compl. Exh. A; Bowen Decl. ¶12). If the Commissioner paid any more SSI benefits to Plaintiff for that period, Plaintiff would have been overpaid in Title II disability benefits. (Bowen Decl. ¶12).

On or about February 3, 2008 Plaintiff sought review of that decision by the Appeals Council. (Compl. ¶17). The Appeals council construed the request as a request for reconsideration of the San Diego District Office's determination regarding the issue of SSI eligibility for the period from January to December 2004. (Bowen Decl. ¶13). The San Diego District Office is currently reconsidering whether it properly calculated Plaintiff's potential SSI eligibility for that period. Id.

### DISCUSSION

**Legal Standards**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to

plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). Attacks challenging the subject matter jurisdiction of the court can be either facial or factual, allowing "the court to look beyond the complaint." Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id.

**Subject Matter Jurisdiction**

The SSA provides a multi-step process for the administrative review and adjudication of disputed claims. Schweiker v. Chilicky, 487 U.S. 412, 424 (1988). Judicial review of final decisions on claims arising under Title II or Title XVI of the SSA is provided for in sections 205(g) and (h). 42 U.S.C. §§405(g) and (h). These provisions provide the exclusive remedy to challenge administrative determinations:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commission may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commission, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. §§405(g) and (h). Based upon these provisions, the only civil action permitted on "any claim arising" under the Social Security Act is an action to review the "final decision of the Secretary [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99 108 (1977). A final decision is one where the plaintiff exhausts available administrative remedies. 42 U.S.C. §405(g); Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987).

Here, the court concludes that Plaintiff has failed to exhaust available administrative remedies and therefore this court lacks jurisdiction to presently entertain Plaintiff's claims. The administrative appeals process generally includes an initial level, a reconsideration level, a hearing before an ALJ,

1  and an Appeals Council review. 20 C.F.R. §416.1400 <u>et seq.</u> Here, Plaintiff completed the initial
2  level and his appeal remains at the reconsideration level. (Bowen Decl. ¶¶12, 13). Consequently, the
3  court lacks subject matter jurisdiction to entertain Plaintiff's claims because the administrative
4  proceedings are not yet final[1].

5  In sum, the court dismisses Plaintiff's action without prejudice, subject to exhaustion of
6  available administrative remedies. The court also denies Plaintiff's motion for class certification as
7  moot. The Clerk of Court is instructed to close the file.

8  **IT IS SO ORDERED.**

9  DATED: January 20, 2009

10  _____
    Hon. Jeffrey T. Miller
11  United States District Judge

cc:        All parties

---

[1] On the merits, Plaintiff appears to be under the mistaken belief that Title XVI benefits are capped at $1,732 per month (plus the supplement). The statute at issue, 42 U.S.C. §1382(b)(1), limits the amount of <u>yearly</u> benefits, and not monthly benefits.